**WEIZMAN et, Plaintiffs-Appellees, v CHAPIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20886. Decided February 23, 1948.

Harry F. Glick, Cleveland, for plaintiffs-appellees.
Paul Mancino, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

This action was filed by Ely Weizman against Harley Chapin and George Longacre, defendants, in the Municipal Court of Cleveland. The petition alleged that an earlier oral agreement was reduced to writing on or about September 30, 1946, by which the plaintiff leased five garages in the rear of premises known as 18617-18639 St. Clair Avenue to the defendants for one year commencing October 1, 1946 at $125.00 per month. The petition alleged that the first months rent became due and that afterwards by reason of the default and abandonment of the leasehold by the defendants, the plaintiff leased the premises for $100.00 per month, leaving a deficiency of $275.00 for the eleven months period. The plaintiff prayed judgment for $400.00 with interest, being the first month's rent and the deficiency accrued for the remaining eleven months.

The plaintiff died during the pendency of the action and Rebecca and Rose Weizman, administrices of plaintiff's estate were named his successors. Both Harley Chapin and George Longacre filed separate demurrers. The demurrer of Chapin was overruled and of Longacre sustained. The plaintiffs did not appeal from this judgment sustaining the demurrer.

The defendant Chapin filed an answer in which he stated that "he did negotiate with the plaintiff for the purpose of entering into a lease for five garages" being the premises named in the petition; "that the plaintiff represented to this defendant that screw machine operations were permitted in said premises and that said premises were located in a zone which permitted screw machine operations" and also "that on or about the 30th day of September 1946 * * * upon the representations of plaintiff that said premises could be used for the purpose for which they were to be rented, the defendant had signed the lease conditioned upon one George Longacre signing and agreeing to the same, and also conditioned upon defendant being able to use said premises for said purpose, namely, for screw machine operations, and that said George Longacre did not at any time sign said lease and agree to said lease."

The defendant further stated in his answer "that all the negotiations had with the plaintiff were for the sole purpose and understanding that said premises were to be used solely and only as a screw machine plant and screw machine operations, which operations are specifically prohibited by the

zoning ordinances of the City of Cleveland and for which use the premises herein were to be rented and used."

Mr. Harry Glick, testified that he is a practicing attorney and that Mr. Ely Weizman was a client of his office. On Sept. 30, 1946 Mr. Weizman and Mr. Chapin appeared at his office, gave him certain information regarding the proposed lease and that the "lease was then typed while both Mr. Chapin and Mr. Weizman waited. After it was drawn it was read to both, approved by both, signed by Mr. Chapin and Mr. Weizman" and duly witnessed and notarized. The original lease was taken by Mr. Chapin and the carbon copy by Mr. Weizman. Mr. Glick further testified:

"Mr. Chapin stated at the time that he would take it out to Mr. Longacre to have Mr. Longacre sign it and they would then interchange. The signed lease bearing Mr. Longacre's signature would be delivered to Mr. Weizman and Mr. Weizman would then deliver the copy to Mr. Chapin."

Mr. Chapin also gave Mr. Weizman a check for $250.00 payment on which was afterwards stopped.

The written lease testified to by Mr. Glick was offered in evidence. It contains the provisions substantially as alleged by plaintiff. In addition the lease contained the following provision:

"Said premises are to be used and occupied for the manufacture of screw machine products and kindred manufacturing purposes."

The defendant offered evidence tending to show that the "manufacture of screw machine products and kindred manufacturing purposes" was illegal in the territory covered by said lease, by reason of the provisions of Section 211-4, subparagraph (b), subparagraph (6) of the Building Zone Ordinance of the City of Cleveland.

In rendering judgment for the plaintiff the trial court said:

"The testimony here is that the premises were to be used for the manufacturing of screw machine products and kindred manufacturing purposes.

Before the lease was entered into the testimony of the defendant is that there was some doubt—the young Mr. Longacre and Longacre Sr.—that there was some doubt in their

minds whether or not the premises might be used for the purposes for which they were intended; and that they spoke to Mr. Weizman who said 'well there are other machine shops in the vicinity' and he didn't know why that couldn't be done.

The lease was entered into and afterwards it was discovered by reference to the Code, the municipal Code, that such a machine shop would not be permitted to be operated in that place. The court finds from that, that there was no representation other than there were other machine shops in the district.

\* \* \*

Having entered in to the lease without taking the necessary precautions, the court finds there was nothing the plaintiff could do about it.

The action having been dismissed against Mr. Longacre, the court finds against Mr. Chapin for the amount claimed."

In reaching this conclusion, the trial court found that "such a machine shop would not be permitted to be operated in that place." The court also found that there was no misrepresentation on the part of the plaintiff which gave defendant Chapin any right to avoid the lease.

We have no quarrel with the trial judge in her conclusion that the defendant has no defense based on misrepresentation. The defendant, however, has two other defenses which in our opinion are well taken and require a reversal of the judgment.

1. The law on this subject is well stated in 32 American Jurisprudence Sec. 48 page 66:

"\* \* \* It is the well recognized general rule that where premises are let with the knowledge and intent of both parties that they are to be used for an illegal purpose, the lease is illegal, void and unenforceable whether the object of the parties was carried into effect or not. It is not essential that the lease itself set forth any illegal intent or use if the lessor at the time of leasing knows and intends that the premises shall be used for an illegal purpose."

In the present case the lease itself sets forth the proposed illegal use of the property by the provision that the leased premises were to be used and occupied for "the manufacture of screw machine products and kindred manufacturing purposes." Because of the noise and vibration which would be caused by such use, the trial court found that "such a machine shop would not be permitted to be operated in that place."

**30**

This fact constituted a defense to the lease not based on plaintiff's misrepresentations but upon the illegality of the proposed use as declared in the lease.

2. There is another reason why the defendant, Chapin, cannot be held to this lease. The lease was prepared in Mr. Glick's office and ran to two persons, Chapin and Longacre, as lessees. Chapin took one of the copies of the lease with him but afterwards returned the lease saying that Longacre would not sign. If at that time the position of the parties had been reversed, that is if Chapin desired to take up the lease alone and Weizman was unwilling to do so on the ground that he had planned a lease with both Chapin and Longacre as lessees and not with Chapin alone, would any one contend that Weizman would have been bound? Clearly Chapin would have had no right to hold Weizman to the lease upon his failure to produce Longacre's signature. If Weizman was not bound neither was Chapin and until Longacre's signature was secured, neither Weizman as lessor nor Chapin as one of the lessees was obligated under the lease.

It was plaintiff's position when their petition was filed in the Municipal Court, that both Chapin and Longacre were bound. When Longacre's demurrer was sustained however, and no appeal was taken it was not open to plaintiffs thereafter to contend that Longacre as well as Chapin was bound by the written lease.

For the reasons above set forth, the judgment of the Municipal Court of Cleveland is reversed and final judgment is entered for the defendant appellant. Exceptions. Order See Journal.

HURD, PJ, SKEEL, J, concur.